**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4210
_____

EDGAR GARRIDO,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                              Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A073-641-135)
Immigration Judge: Honorable Frederic G. Leeds

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 18, 2010
Before: SLOVITER, JORDAN and GREENBERG, Circuit Judges

(Opinion Filed: August 23, 2010)
_____

OPINION
_____

PER CURIAM

    Edgar Rosendo Garrido petitions for review of the Board of Immigration Appeals'

("BIA") final order of removal.  We will deny the petition.

Garrido is a citizen of Guatemala who entered the United States in 1994. He initially applied for asylum on the grounds that he feared persecution by guerilla forces who were trying to recruit him during Guatemala's civil war. His application was not decided, for reasons not disclosed by the record, and the civil war ended in 1996.

Garrido remained in this country. In 2007, the Government served him with a notice to appear charging him as removable for being present without having been admitted or paroled. See 8 U.S.C. § 1182(a)(6)(A)(i). Garrido concedes the charge, but he filed an amended application seeking asylum, statutory withholding of removal, and relief under the Convention Against Torture ("CAT"). Garrido now fears that he will be targeted by criminal elements, particularly gangs known as the "maras," if he returns to Guatemala.

The Immigration Judge ("IJ") held a hearing, at which Garrido testified and presented the 1997 and 2007 Department of State country reports. The IJ found Garrido credible and sympathetic, but denied relief. In particular, the IJ concluded that Garrido is not eligible for asylum because he presented no evidence that he suffered past persecution or has a well-founded fear of being targeted for violence on a statutorily protected ground. The IJ also concluded that Garrido is not entitled to withholding of removal because he necessarily failed to satisfy the higher burden applicable to that claim and is not entitled to relief under CAT because he presented no evidence that he is likely to be

tortured on return.  The BIA dismissed Garrido's resultant appeal by decision and order

issued October 7, 2009, essentially summarizing the IJ's reasoning.  Garrido petitions for

review.[1]

## II.

Garrido has raised no issue regarding the denial of his CAT claim, so any such

issue is waived.  See Alaka v. Att'y Gen., 456 F.3d 88, 94 (3d Cir. 2006).  Instead, he

raises three arguments addressed to his claims for asylum and withholding of removal.

Each of them lacks merit.

First, Garrido argues that the IJ applied the wrong legal standard in adjudicating

his withholding claim.[2]  An alien seeking withholding of removal must show a "'clear

probability'" that he or she will be persecuted if removed to a particular country, meaning

that persecution there is "'more likely than not.'"  Sioe Tjen Wong v. Att'y Gen., 539

F.3d 225, 236 (3d Cir. 2008) (citation omitted).  Garrido argues that the IJ required him

---

[1]We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1).  We may review the decisions of both the IJ and BIA because the BIA essentially summarized and deferred to the IJ's more detailed discussion.  See Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). Garrido argues that we should review only the IJ's decision because the BIA's decision is not a "real opinion" and "merely reflects the judgment of the" IJ.  We disagree, but we note that our rulings would be the same whether we reviewed the IJ's decision, the BIA's decision, or both.  We review the Agency's factual findings for substantial evidence, and may not disturb them "'unless any reasonable adjudicator would be compelled to conclude to the contrary.'"  Sandie v. Att'y Gen., 562 F.3d 246, 251 (3d Cir. 2009) (quoting 8 U.S.C. § 1252(b)(4)).  We review legal conclusions de novo.  See id.

[2]The caption of this argument asserts that the IJ applied the wrong standard to Garrido's asylum claim, but the body of the argument is addressed only to his withholding claim. Our conclusions apply equally to the asylum claim as well.

instead to present "clear and convincing evidence" that he will be persecuted. As the

Government argues, however, Garrido did not exhaust this claim by presenting it to the

BIA (A.R. 9-13), so we lack jurisdiction to address it. See Lin v. Att'y Gen., 543 F.3d

114, 120 (3d Cir. 2008); 8 U.S.C. § 1252(d)(1). In addition, we note that both the IJ and

the BIA expressly set forth the correct standard.[3]

Second, in two separate but related arguments, Garrido argues that IJ did not

properly take into account the 2008 country report, which he claims describes an "utter

breakdown" in the Guatemalan government's ability to protect its citizens from crime that

"corroborates the petitioner's concern for his safety."[4] As both the IJ and BIA properly

concluded, however, the country reports describe only generalized violence and criminal

activity and do not suggest that Garrido will be targeted for persecution on any protected

ground. See Konan v. Att'y Gen., 432 F.3d 497, 506 (3d Cir. 2005) ("[G]eneral

conditions of civil unrest or chronic violence and lawlessness do not support asylum.").

---

[3]In setting forth the standard for asylum, the BIA wrote that Garrido was required to show that a statutorily protected ground was "at least one central reason" for the alleged persecution. 8 U.S.C. § 1158(b)(1)(B)(i). The Government concedes that this standard does not apply to Garrido because it was established by the REAL ID Act and Garrido filed his initial asylum application (though not his amended application) before its effective date. We need not resolve that issue because Garrido has not raised it on review (and, to the contrary, argues that we should not review the BIA's decision at all). Moreover, as the Government notes, the BIA did not base its ruling on the "one central reason" requirement.

[4]Garrido actually submitted the 2007 report to the IJ. The 2008 report issued after the IJ rendered his decision, and Garrido then submitted it to the BIA on appeal. The two reports do not differ materially in any relevant respect. (A.R. 18-31, 143-59.)

4

Nor did Garrido submit any other evidence on that point. To the contrary, although he testified that he fears crime and violence in Guatemala in general, he acknowledged that he had no information that specific gangs would target him personally. (A.R. 126-28, 130-31.) Thus, the BIA's rejection of his claims is supported by substantial evidence.

Finally, Garrido asserts at the conclusion of his brief that his due process rights were "compromised" because he did not receive a timely interview on his initial asylum application, in which he sought asylum on the basis of guerilla recruitment during Guatemala's former civil war.[5] Garrido has not meaningfully developed this argument, and his assertion—without the benefit of citation to authority or the record—is the kind of "'passing reference'" that is inadequate to raise an issue on review. United States v. Hoffecker, 530 F.3d 137, 162 (3d Cir. 2008) (citation omitted). Nevertheless, we perceive no error in this regard. Aliens do not have a due process right to prompt adjudication of asylum applications. See Mudric v. Att'y Gen., 469 F.3d 94, 98 (3d Cir. 2006) (rejecting due process claim that country conditions changed during delay in processing asylum application). And Garrido himself acknowledges that "[w]hether there would have been a different result in the asylum process is mere speculation[.]" (Petr.'s Br. at 8.)

Accordingly, we will deny the petition for review.

---

[5]Garrido conceded before the IJ that his fear of guerrillas during Guatemala's former civil war no longer states a potential basis for relief (A.R. 126, 134), and he does not argue otherwise on review.

5